# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| COPPER BASIN FEDERAL CREDIT UNION and CUMIS INSURANCE SOCIETY, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| FISERV SOLUTIONS, INC. d/b/a INTEGRASYS | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant, Fiserv Solutions, Inc., ("Fiserv"), by counsel, hereby gives notice of removal of the above captioned civil action, Case No. 2011-CV-26 from the Chancery Court for Polk County, Tennessee to the United States District Court for the Eastern District of Tennessee at Chattanooga. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446. This Court has jurisdiction to adjudicate this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. The specific grounds for removal are as follows:

1.     The Plaintiff, Copper Basin Federal Credit Union ("Credit Union") commenced this action by Complaint filed on July 12, 2011, in the Chancery Court for Polk County, Tennessee.

2. The Complaint alleges that Fiserv has committed gross negligence, negligence, and breach of contract and Credit Union seeks damages in the amount of $544,789.41, punitive damages and attorney fees.

3. Fiserv received a copy of the Summons and Complaint from the Polk County Clerk and Master on July 12, 2011.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached as Exhibit A.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely and properly filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based."

6. According to the Complaint, Plaintiff Credit Union is a federal credit union with its headquarters in Copperhill, Polk County Tennessee and its principal place of business in Polk County, Tennessee. Because the Credit Union is incorporated under federal law and not under any state's laws, its citizenship, for purposes of diversity is considered to be the state of its principal place of business. Feuchtwanger Corp. v. Lake Hiawatha Federal Credit Union, 272 F.2d 453, 454-55 (3d Cir. 1959). Plaintiff Credit Union is, therefore, a citizen of the State of Tennessee.

7. Fiserv is a corporation incorporated under the laws of the state of Wisconsin and having its principal place of business in Wisconsin.

8. According to the Complaint, CUMIS Insurance Society, Inc. ("CUMIS"), is a mutual insurance company organized under the laws of the state of Wisconsin; Plaintiffs have included no facts as to the location of CUMIS' principal place of business

to determine if CUMIS is a citizen of any other state for purposes of diversity. Although

CUMIS is a citizen of the State of Wisconsin, its citizenship is not to be considered in

determining that diversity jurisdiction exists in this case, for the reasons discussed below.

9.     In two paragraphs of the Complaint Plaintiff CUMIS makes conclusory

allegations that it is subrogated to the rights of Credit Union. In Paragraph 2, the

Complaint only states that CUMIS is the holder of certain rights "[b]y way of assignment

and subrogation." Paragraph 7 only states that CUMIS has acquired "right, title and

interest in [Credit Union]'s claims" "[b]y right of subrogation." No factual support for

these conclusory allegations is provided.

10.    Settled Tennessee law holds that subrogation claims, whether contractual

or common-law, are guided by equitable principles. These principles dictate that an

"insurer does not have a right of subrogation until the insured has been fully

compensated, unless the agreement itself provides to the contrary." Copeland Oaks v.

Haupt, 209 F.3d 811, 813 (6th. Cir. 2000). Partial payment of the claim is insufficient to

confer subrogation rights. *See* Copeland Oaks, 209 F.3d at 814 ("an insurer cannot

enforce its subrogation rights unless and until the insured has been made whole by any

recovery, including payments from the insurer."); Northfield Ins. Co. v. Isles of June

Consulting, Ltd., 2001 WL 34090035 (M.D. Tenn. Sept. 7, 2001). ("Before a right of

subrogation may attach, the insured must be 'made whole' by the payment of their claim

under the insurance contract.") To be "made whole," Tennessee law is clear that to

acquire subrogation rights, the insurer must first "reimburse the [insured] in full for its

loss…." Solectron USA, Inc. v FedEx Ground Package Sys., Inc., 520 F. Supp. 2d 904,

911 (2007) (quoting <u>Nipponkoa Ins. Co. v. Ozark Motor Lines, Inc.</u>, 2006 WL 2947467, at *7 (M.D. Tenn. Oct. 12, 2006).

11.     Procedural issues regarding the Notice of Removal are governed by federal law.  <u>City of Cleveland v. Ameriquest Mortg. Sec., Inc.</u>, 615 F.3d 496 (6th. Cir. 2010).  This includes issues regarding the sufficiency of the factual allegations to state a claim upon which relief can be granted.  <u>Doe v. Cloverleaf Mall</u>, 829 F. Supp. 866, 870 (S.D. Miss. 1993).

12.     Under Rule 9 of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. ____, 129 S. Ct. 1937 (2009), a Plaintiff is required to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" <u>Id</u>. at 1949 (quoting <u>Bell Atlantic. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).  Therefore, in the present case, by not alleging any facts in support of its own claims, as required by federal pleading standards, CUMIS has alleged no reasonable factual basis for predicting that it can recover against Fiserv.

13.     The bare allegations of the Complaint fall far short of pleading facts that show that CUMIS has paid "in full" the claims of Credit Union, its insured.  Indeed, the two paragraphs (2 and 7) of the Complaint cited above are the only explanation offered for CUMIS's presence in this case.  When presented with such conclusory allegations, federal courts have not hesitated to find that subrogation claims are inadequately pled.  <u>See</u> <u>Liberty Seguaras S.A. v. Nobel Cargo Systems, Inc.</u>, 2009 WL 465044 (S.D. Fla. Feb. 24, 2009) at *2 where the court dismissed a subrogation claim where purported subrogee made only a conclusory allegation that it was "legally and equitably subrogated to the Claimant, its insured".  The court held:

> To state a claim for equitable subrogation, a plaintiff must allege that (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt; (4) the subrogee paid off the entire debt; and (5) subrogation would not work any injustice to the rights of a third party. In the instant case, Plaintiff merely alleges that "Plaintiff is legally and equitably subrogated to the Claimant…." Plaintiff's allegations in its Amended Complaint are insufficient to state a claim for equitable subrogation. Thus, Plaintiff's Amended Complaint must be dismissed….

Id. Like the plaintiff in Liberty Seguaras, CUMIS has not alleged facts supporting the elements of a subrogation claim. As in that case, CUMIS has made only a bare conclusory allegation that it is subrogated to the rights of the Credit Union. As in Liberty Seguaras, this is insufficient to state a claim by CUMIS.

14. Fraudulent joinder exists if no "reasonable basis for predicting that the state law might impose liability on the facts involved." Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 949 (6th. Cir. 1994); Young v. Bailey Corp., 913 F. Supp. 547, 550 (E.D. Mich. 1996). Here, the Complaint is devoid of any allegation that provides a reasonable factual basis upon which CUMIS can recover against Fiserv. CUMIS does not allege any facts that show that *it* has sustained any damages or acquired a right of subrogation. Consequently, the joinder of CUMIS as a plaintiff is fraudulent in order to defeat diversity jurisdiction in this case.

15. The Complaint thus contains no factual allegations that establish that CUMIS has a right of subrogation against Fiserv or that such right is an actionable right against Fiserv. "Where plaintiffs' complaint is devoid of any factual allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated." Cloverleaf Mall, 829 F. Supp. at 870. In Sell v. Volkswagen of America, Inc., 505 F.2d 953, 955 (6th Cir. 1974) the court affirmed the

5

dismissal of a defendant where there was no claim against that defendant that was not connected with the allegedly defective vehicle. The Court found that the non-diverse defendant had been added only "as a procedural tactic to destroy diversity of citizenship." In Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995), the court affirmed the denial of remand because the complaint simply failed to allege any facts against the non-diverse defendant. Remand was denied on the same basis in Castner v. Exxon Co., U.S.A., 563 F. Supp. 684 (E.D. Pa. 1983). Indeed, CUMIS has not alleged a single fact that can serve as a reasonable basis to predict that CUMIS can recover under Tennessee law against Fiserv.

16. Accordingly, even though CUMIS is a citizen of Wisconsin, it has failed to plead facts supporting a cause of action that would plausibly establish that it is entitled to any recovery against Fiserv. Consequently, CUMIS' Wisconsin citizenship may not be considered for purposes of diversity jurisdiction.

17. CUMIS cannot defeat diversity jurisdiction by amending the Complaint. Subject matter jurisdiction is determined by examining the Complaint as it existed at the time of removal. See Pullman Co., v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939); Union Planters Nat's Bank v. CBS, Inc., 557 F.2d 84, 89 (6th. Cir. 1977); Harper v. Auto Alliance Int'l, Inc., 392 F.3d 195, 2010 (6th Cir. 2004). Courts may not consider any amendments or additional causes of action, claims or theories raised by plaintiffs after removal. See, e.g., Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (defendant need not negate any possible theory plaintiff might allege in the future, only his present allegations count); Blair v. Migliorini, 744 F. Supp. 165, 167 (N.D. Ohio 1990) ("[r]emovability is determined on the basis of the Complaint and the

Notice of Removal . . . <u>as they read at the time the Complaint and the Notice of Removal</u> <u>are filed</u>") (emphasis in original).

18.     In short, the Complaint makes no factual allegations that CUMIS paid any money to Credit Union as a result of Credit Union's alleged loss and further alleges no facts that would serve as a reasonable basis to predict that CUMIS can recover against Fiserv.     As such, the complaint alleges only claims on behalf of a Tennessee Plaintiff against a Wisconsin Defendant and seeks damages in excess of $75,000.   Removal, therefore, is appropriate because there is complete diversity of citizenship between the remaining Plaintiff, Credit Union, and Defendant, Fiserv, and the amount in controversy exceeds $75,000, exclusive of interest and costs.   Consequently, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

19.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiffs' counsel and in the Clerk and Master of the Chancery Court for Polk County, Tennessee.

WHEREFORE, Fiserv respectfully requests that Case No. 2011-CV-26 pending in the Chancery Court for Polk County, Tennessee, be removed to this Court.

Respectfully submitted,

*/s/ John A. Lucas*
John A. Lucas (011198)
Matthew J. Stark (029737)
**MERCHANT & GOULD, P.C.**
110 Tyson Blvd., Ste. 203
Alcoa, Tennessee  37701
(865) 380-5978
(865) 380.5999 facsimile
***Counsel for Fiserv Solutions, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2011, a true and correct copy has been served

on the following by placing a copy in the United States Mail, postage prepaid:

James R. McKoon, Esq.                  Kim Ingram
John R. Hegeman, Esq.                  Clerk and Master
McKoon & Williams,                     Polk County Chancery Court
633 Chestnut Street, Suite 1300        P.O. Box 689
Chattanooga, Tennessee 37450           Benton, TN 37307
*Counsel for Plaintiffs*

                                    */s/ John A. Lucas*